UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-81228-CIV-MIDDLEBROOKS/JOHNSON

CHRISTOPHER HUTTON, on his own behalf and
others similarly situated,

      Plaintiff,

vs.

GRUMPIE'S PIZZA AND SUBS, INC.,
A Florida Corporation, GRUMPIE'S PIZZA
AND SUBS 1, INC., a Florida Corporation, and
YOUSEF PIROOZGAR, individually,

      Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Dismiss Counterclaim and To Strike Fifth Affirmative Defense and Prayer for Attorneys' Fees (DE 11), filed on February 6, 2008.  Defendants filed a response (DE 12) to which Plaintiff replied (DE 14).  I have reviewed the Motion and the file in this case.

**Background**

On December 27, 2007, Plaintiff Christopher Hutton filed this action, seeking overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Specifically, Plaintiff alleges that throughout his employment with Defendants between December 2004 and October 2007, Defendants failed to pay him overtime compensation.  On January 21, 2008, Defendants answered, asserting six affirmative defenses, one counterclaim,

1

and a prayer for attorneys' fees (DE 6).  The Fifth Affirmative Defense and the Counterclaim

both relate to an allegation that Plaintiff stole money from Defendants.

Specifically, The Fifth Affirmative Defense states:

Defendants are entitled to a set off for all overtime claimed by plaintiff because plaintiff committed theft when he misappropriated defendants funds.  The amount stolen by plaintiff is greater than the amount plaintiff claims he is owed in past wages and overtime.

The counterclaim states:

1.  During the Course of his employment with defendants, Christopher Hutton intentionally, wrongfully and/or maliciously stole funds from defendants business.  Christopher Hutton had the intent to permanently and/or temporarily deprive the defendants of the use of these funds and has not returned the funds to defendants as of today's date.

2.  Defendants intend to serve a civil remedy notice and request for payment pursuant to Florida Statute §772.11 upon Christopher Hutton.  Should Christopher Hutton not comply with the civil remedy notice and make full restitution to defendants then defendants will move to amend this answer and add a separate claim for civil theft pursuant to Florida Statute §772.11 and seek treble damages in addition to attorneys fees and costs.

The prayer for attorneys' fees states:

WHEREFORE, defendants respectfully request that this action be dismissed in its entirety and that Defendants be awarded all funds stolen by plaintiff and costs and fees incurred in defending this action and whatever other relief the Court deems appropriate.

In his motion, Plaintiff seeks to dismiss the counterclaim for lack of subject matter

jurisdiction, and also to strike the affirmative defense and the prayer for attorneys' fees.  First the

Court will analyze the motion to dismiss the counterclaim.  Then the Court will analyze the

motions to strike.

2

**Plaintiff's Motion to Dismiss Counterclaim**

In a motion to dismiss, whether it is a motion to dismiss for lack of subject matter jurisdiction or for failure to state a claim, the Court is required to construe the complaint in the light most favorable to the party whose claim is being challenged, and accept all the facts alleged by that party as true. *See Hishon v. King & Spaulding,* 467 U.S. 69, 73 (1984); *Lawrence v. Dunbar*, 919 F. 2d 1525, 1529 (11th Cir. 1990) (stating that a facial, as opposed to a factual, attack on whether or not a party has sufficiently alleged a basis for subject matter jurisdiction under Rule 12(b)(1) is decided using the same standard as a Rule 12(b)(6) motion for failure to state a claim). Moreover, under the new motion to dismiss standard recently announced by the Supreme Court, a complaint may be dismissed if the facts as pled do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. V. Twombly*, 127 S. Ct. 1955, 1965 (2007) (*cited in Watts v. Florida Intern. University,* 2007 WL 2331029 (11th Cir. 2007)).

Plaintiff argues that the Court lacks subject matter jurisdiction over Defendants' Counterclaim, as the Counterclaim is permissive and based on state law. Defendants argue that the Counterclaim is compulsory, and that the Court has subject matter jurisdiction over it.

There are two kinds of counterclaims: compulsory counterclaims and permissive counterclaims. Fed. R. Civ. P. 13. A compulsory counterclaim is one which "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." *Id.* at 13(a). A permissive counterclaim is one which does not arise out of the same transaction or occurrence. *Id.* at 13(b). In determining whether a counterclaim is compulsory or permissive, the Eleventh Circuit has stated that courts should apply the "logical

3

relationship" test.  *The Public Health corp. v. Lifemark Hosps. of Fla., Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985).  Under the "logical relationship" test, a logical relationship exists between the plaintiff's claim and the counterclaim when "the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Id.* (quoting *Plant v. Blazer Financial Services, Inc.,* 598 F.2d 1357, 1361 (5th Cir. 1979)).

  Applying the "logical relationship" test, the Court finds that Defendants' Counterclaim is permissive.  Plaintiff's claim for denial of overtime pay and Defendants' Counterclaim that Plaintiff stole money do not, as plead, appear to arise out of the same operative facts. *See Miller v. Weitzer Panache Ltd.,* 751 F.Supp. 980, 984 (S.D. Fla. 1990)(finding that even though claim for overpayment of fees and counterclaim for violation of the Real Estate Settlement Procedures Act arose out of the same sale of a house, the counterclaim was still permissive because it "involve[d] entirely separate questions of law and fact"); *but see Arcusa v. Lisa Coplan-Gardner,* 2007 WL 3521986, at *2 (M.D. Fla. Nov. 15, 2007)(holding that employer's conversion counterclaim was logically related to employee's FLSA claims but providing very little explanation for this holding).  Defendants argue that the same witnesses would testify as to both claims and that in the interest of efficiency, the Court should deem the Counterclaim compulsive. While the same witnesses may be involved in both cases, the "logical relationship" test does not make efficiency an express concern, nor does the Court find this witness overlap to be a compelling argument.

  If a counterclaim is permissive rather than compulsory, the court must find an independent jurisdictional basis, such as federal question or diversity jurisdiction, for the

counterclaim to proceed in federal court.  *See East-Bibb Twiggs Neighborhood Assoc. v. Macon Bibb Planning & Zoning Commission*, 888 F.2d 1576, 1578 (11th Cir. 1989); 28 U.S.C. §§ 1331 and 1332.  As this Counterclaim is a state claim under Florida's Civil Theft Statute and the parties are not diverse, the Court lacks subject matter jurisdiction over it and will dismiss it accordingly.


**Plaintiff's Motion to Strike Fifth Affirmative Defense and Prayer for Attorneys' Fees**

The Court has broad discretion in considering a motion to strike under Federal Rule of Civil Procedure 12(f).  *See Morrison v. Executive Aircraft Refinishing, Inc.,* 434 F.Supp. 2d 1314, 1318 (S.D. Fla. 2005).  Rule 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  The court may act: (1) on its own; or (2) on motion made a by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading."

Plaintiff argues that the Fifth Affirmative Defense should be stricken because set-offs are not appropriate in FLSA actions.  Plaintiff relies on *Brennan v. Heard* for this assertion.  491 F.2d 1 (5th Cir. 1974).  In *Brennan,* the Fifth Circuit stated that  "[s]et-offs against back pay awards deprive the employee of the 'cash in hand' contemplated by the Act, and are therefore inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions."  *Id*. at 4.  Plaintiff also points to other Southern District of Florida opinions which have interpreted *Brennan* as meaning that set-offs are inappropriate under the FLSA.  *See Norton v. Bank of America, N.A.,* Case No. 05-61344-CIV-HURLEY/HOPKINS (S.D. Fla. March 21, 2006) (Order citing to *Brennan* and granting plaintiff's motion to strike an affirmative defense of

"set-off"); *Desty v. Master Security,* Case No. 05-80023-CIV-PAINE (S.D. Fla. June 20, 2005)

(Order discussing *Brennan* and stating that "[i]f the Counterclaim asserted by Defendants is

indeed a set-off, the Counterclaim should be dismisse[d] as the FLSA does not recognize set-

offs).

       Defendants argue that Plaintiff has misread *Brennan*.  Several other cases from this

district have found that *Brennan* does not stand for the proposition that set-offs are always

inappropriate; but rather *Brennan* stands for the more limited proposition that set-offs cannot

cause a plaintiff's wages to fall below the statutory minimum.  *See Eric Gilbert v. Sun Trust*

*Mortgage, Inc.* Case No. 06-61276-CIV-DIMITROULEAS (S.D. Fla. Dec. 18, 2006)(stating that

*Brennan* "stands for the principle that set[-]offs may not cause a plaintiff's wages to fall below

the statutory minimum[,]... [but] does not bar an employer from asserting a set[-]off defense in

all circumstances."); *Morrison v. Executive Aircraft Refinishing, Inc.,* 434 F.Supp.2d 1314, 1321

(S.D.Fla. 2005)(noting that *Brennan* does not prohibit a district court from applying a set-off

where the set-off will not cause a plaintiff's wages to fall below the statutory minimum).  In *Eric*

*Gilbert,* one of the cases that found set-off defenses sometimes appropriate, the affirmative

defense that plaintiff sought to strike was a set-off from "all additional compensation and

benefits [defendants] provided to [p]laintiff...as the result of ...having been classified and treated

as exempt."  *Eric Gilbert,* Case No. 06-61276-CIV-DIMITROULEAS, Answer (DE 7).  In

*Morrison,* another case that found set-off defenses sometimes appropriate, the affirmative

defense that plaintiff sought to strike was a set-off from "[a]ny amounts owed by [p]laintiff to

[d]efendants."  *Morrison,* 434 F.Supp.2d at 1321.  As it was unclear what type of set-off

defendants were seeking from defendants' answer, the court concluded that it could not decide at

this point in time whether the set-off defense was appropriate. *Id.* at 1322.  The *Morrison* court discussed the fact that the FLSA explicitly provides set-offs in certain situations, all involving extra compensation provided by the employer to the employee.  *See id* at 1321*;* 29 U.S.C. §§ 207(e), 207(h).   The *Morrison* court also discussed the fact that certain types of payments cannot be applied to offset unpaid wages, including fringe benefits, wages for "down time" on the job, wages for meal breaks, amounts loaned by an employer to an employee.  *Morrison,* 434 F.Supp.2d at 1321  (citations omitted).

Whether or not set-off defenses are sometimes appropriate in FLSA cases, this Court will not allow the defense here, as it does not find stealing money to be the kind of set-off that would be appropriate.  Appropriate set-offs, as contemplated by the case-law defendants provided, all involve money that the employer gave to the employee as compensation, not money that the employee allegedly stole.  Accordingly, even if *Brennan* does not stand for the proposition that set-offs defenses are always inappropriate, it would not be appropriate to allow the affirmative defense asserted in this case.

Plaintiff also argues that Defendants' prayer for attorneys' fees be stricken as well because FLSA makes no allowance for a prevailing defendant to recover attorneys' fees.  The FLSA statute only allows for plaintiff's attorney's fees.  29 U.S.C. §216(b) (providing that "[t]he court...in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant").  Defendants concede that if their civil theft Counterclaim is not deemed compulsory, they have no right to attorneys fees under an FLSA case.  Thus, having found the civil theft Counterclaim compulsory, the Court will strike the prayer for attorneys' fees.

7

Accordingly, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion to Dismiss Counterclaim and To Strike Fifth Affirmative Defense and Prayer for Attorneys' Fees (DE 11) is GRANTED. Defendants' Counterclaim is DISMISSED.  Defendants' Fifth Affirmative Defense and Prayer for Attorneys' Fees are STRICKEN.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 6th day of May, 2008.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to counsel of record

8